IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ZAVIEN CANADA, | ) | |
|     Petitioner, | ) | Civil Action No. 7:15cv00360 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CHARLES RATLEDGE,[1] | ) | United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Zavien Canada, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a disciplinary conviction that resulted in, *inter alia*, loss of good conduct time. Respondent filed a motion for summary judgment, and this matter is ripe for disposition.[2] The court finds that Canada is not entitled to habeas relief and grants respondent's motion for summary judgment.

I.

On December 16, 2014, while housed at the United States Penitentiary in Lee County, Virginia, Canada received an incident report charging him with violating prison rules against fighting and possessing a weapon. The next day, Canada appeared before the prison's Unit Discipline Committee, which referred the incident report to the Disciplinary Hearing Officer ("DHO") for a hearing. On December 19, 2014, Canada and his requested staff representative appeared before the DHO. The DHO found Canada guilty of the charged offenses and

---

[1] The court substitutes Charles Ratledge as the proper respondent to this action. 28 U.S.C. § 2241; Fed. R. Civ. P. 21; *Rumsfield v. Padilla*, 542 U.S. 426, 434-35 (2004). The Clerk shall update the docket accordingly.

[2] Respondent filed a "response" to the petition asking the court to dismiss the petition. However, respondent attached a declaration and other documents, upon which the court relies. Accordingly, the court has converted the response into a motion for summary judgment and given appropriate notice. Fed. R. Civ. P. 12(d).

sanctioned him to, *inter alia*, 68 days loss of good conduct time. Canada did not receive a DHO report of that hearing.

On December 22, 2014, Canada received a re-written incident report, still charging him with the same violations but reciting an amended description of the incident.[3] On December 24, 2014, Canada received another re-written incident report, again charging him with the same violations and again amending the description of the incident. On January 16, 2015, Canada and his staff representative appeared before the same DHO. The DHO then made the same findings and imposed the same sanctions as he did at the December 19, 2014 hearing.

Canada alleges that the DHO "advised/aided" the Unicor Factory Repair Supervisor who wrote all three incident reports on "how to better rewrite the incident report to support a finding of guilt at [the] DHO hearing and prevail on any attack by petition via administrative remedy appeal."

Canada filed a habeas petition pursuant to § 2241, alleging that the January 16, 2015 rehearing was collaterally estopped and that he was denied due process because the DHO was not impartial. Canada seeks expungement of the disciplinary convictions, restoration of his good conduct time, and more training for the DHO.

The DHO avers in his declaration attached to respondent's motion for summary judgment that he sent the first and second incident reports back to be rewritten because he did not believe the earlier versions gave Canada sufficient notice of the charges against him.[4] He also declares that he did not rewrite the incident report or instruct other staff members on what the recited

---

[3] Canada states that the amended incident report removed the word "fighting" and replaced it with "yelling at each other."

[4] In addition, the DHO states that he does not recall a hearing on this matter before the January 16, 2015 hearing but notes that he may have met with Canada and informed him that the incident report was going to be rewritten. For purposes of this opinion, the court will assume, without finding that two hearings occurred.

facts should be. The DHO avers that he was not predisposed to finding Canada guilty of the charged violations and he was an "objective and impartial decision maker."[5]

II.

Canada argues that the rehearing was barred by the doctrine of collateral estoppel. Collateral estoppel, or issue preclusion, bars subsequent litigation of legal and factual issues common to an earlier action that were "actually and necessarily determined" in the first litigation. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir. 1988). Thus, "collateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (internal quotation marks omitted). To apply collateral estoppel to an issue or fact, the proponent must demonstrate that: 1) the issue or fact is identical to the one previously litigated; 2) the issue or fact was actually resolved in the prior proceeding; 3) the issue or fact was critical and necessary to the judgment in the prior proceeding; 4) the judgment in the prior proceeding is final and valid; and 5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. *Id.*

Canada has not shown that the doctrine of collateral estoppel applies in the context of a prison disciplinary hearing. Also, there was no final judgment or determination in regard to Canada's first disciplinary hearing. A DHO report was only produced after the rehearing. Accordingly, the court concludes that Canada's claim that the rehearing was barred by the

---

[5] The DHO also states that he would have requested that the hearing be conducted by another DHO if he had taken an active role in writing the report.

3

doctrine of collateral estoppel fails and will grant respondent's motion for summary judgment as to this claim.

III.

Canada alleges that he was denied due process at the rehearing. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV § 1. "An inmate has a liberty interest in good time credit and no state may constitutionally deprive him of that good time credit without due process of law." *Moses v. Bledsoe*, No. 1:03cv149, 2004 U.S. Dist. LEXIS 28924, at \*6, 2004 WL 3317657, at \*2 (N.D. W. Va. 2004). Certain procedural safeguards apply when loss of statutory good time credit is at issue. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). These due process protections include: 1) advance written notice of the charges; 2) a hearing before an impartial decision maker; 3) the opportunity to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns; 4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex; and 5) a written decision setting forth the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563-71.

Canada alleges that he was not provided a fair and impartial disciplinary hearing because the DHO "aided" prison staff in rewriting the incident report and then conducted the disciplinary rehearing.[6] While facts and inferences must be viewed in the light most favorable to the party not moving for summary judgment, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations that are not based on personal knowledge to create a dispute of material fact. *Barber v. Hosp. Corp. of Am.*, 977 F.2d 874-75 (4th Cir. 1992); *Shealy*

---
[6] The court notes that Canada does not raise a due process claim concerning any of the other *Wolff* protections due at his rehearing and does not challenge the sufficiency of the evidence supporting his disciplinary conviction.

4

*v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991); *see Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (noting the evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits").

Canada does not indicate that he has personal knowledge regarding his allegation that the DHO aided prison staff in rewriting the incident report. Therefore, Canada's assertion is unsupported by the record and is nothing more than his own speculation. In contrast, the DHO avers that he did not rewrite the incident reports, did not instruct staff on how to rewrite them, and only sent them back in order to ensure that Canada was fairly given proper notice of the charges against him.[7] Accordingly, the only evidence in the record is that the DHO was impartial in deciding Canada's disciplinary hearing, and the court so finds. Thus, the court will grant respondent's motion for summary judgment as to this claim.

An appropriate order will be entered.

Entered: October 3, 2016.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[7] Despite being given the opportunity, Canada did not respond to the DHO's declaration.